# ALASKA REPORTS

## VOLUME 3

MILLER v. AMERICAN GOLD MINING CO. et al.

(First Division. Juneau. February, 1906.)

No. 426A.

1. BILLS AND NOTES (§ 13*)—INLAND AND FOREIGN BILLS OF EXCHANGE.

An inland bill of exchange is one which is made payable in the same state or country; a foreign bill of exchange is one drawn in one state or country and payable in another.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 28; Dec. Dig. § 13.*]

2. BILLS AND NOTES (§ 408*)—FOREIGN BILL OF EXCHANGE—PROTEST —NECESSITY.

It is the rule of the law merchant that in order to charge the maker or drawer of a foreign bill of exchange, upon the refusal of payment by the acceptor, the bill must be protested, as well as that notice of dishonor must be given to the drawer.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1021; Dec. Dig. § 408.*]

3. BILLS AND NOTES (§ 469*)—ACTION—PLEADING.

A complaint to recover the amount of a foreign bill of exchange should allege demand, nonpayment and protest, in order to recover damages, under sections 196 and 197 of the Civil Code of Alaska; otherwise, it is bad on demurrer.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1494–1502; Dec. Dig. § 469.*]

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

3 A.R.—1

On demurrer to amended complaint. The complaint herein contains four separate counts, each based upon a different draft, and each of which drafts has come into the possession of the plaintiff by assignment. Each draft was drawn at Juneau, in the district of Alaska, by the defendant corporation upon the defendant Nowell at his address in Boston, Mass. Each draft bears his acceptance thereof by attorney.

The defendant American Gold Mining Company demurs to the first and fourth counts of the complaint on the ground that each fails to state a cause of action. The first and fourth counts in the complaint each alleges the drawing of the draft upon Thomas S. Nowell, at Boston, Mass., the presentation to and acceptance thereof by the said Nowell, that upon the date when each became due it was duly presented for payment and payment refused, that each was duly protested, naming the day, the amount of protest fees, and that notice of "refusal or dishonor was duly given to the defendant American Gold Mining Company" in the case of each draft.

The second and third counts of the complaint each allege the drawing of a draft or order by the defendant corporation on Thomas S. Nowell, at Boston, its presentation to and acceptance by Nowell, and the presentation on its due day, and the refusal thereof, the giving of notice of said refusal and dishonor of each draft to the defendant corporation, but fails to allege the protest of either draft. To these counts defendant demurs, on the ground that each fails to state facts sufficient to constitute a cause of action, in that the plaintiff fails to allege any protest of either draft, so as to make the defendant liable thereon.

Shackleford & Lyons, for plaintiff.
Malony & Cobb, for defendants.

GUNNISON, District Judge. It is contended that sections 196 and 197 of the Civil Code of Alaska define foreign and

inland bills of exchange, and that under these definitions the drafts upon which this action is brought are each and all inland bills of exchange. I cannot agree with counsel in that proposition. The law merchant has long laid down the definition of or distinctions between foreign and inland bills of exchange, and the Alaska Code in no way changes these distinctions. An inland bill is one which is made payable in the same state or country; a foreign bill of exchange is one drawn in one state or country and payable in another state or country. Daniel on Negotiable Instruments, 6; 4 Am. & Eng. Ency. of Law, 780. This rule, applied to the bill in question, brings it at once within the latter class; for the bill is drawn in the territory of Alaska and is made payable in the state of Massachusetts. In other words, it is drawn in one state to be paid in another.

Sections 196 and 197 of the Civil Code, despite the fact that they bear, as a title to each section, respectively, the designation "Damages on Foreign Bills" and "Damages on Inland Bills of Exchange," merely make a division between or classification of different kinds of foreign bills of exchange from the point of view of damages which may be allowed; greater damages being allowed on bills of exchange which are drawn within the district of Alaska and made payable without the limits of the United States than upon bills drawn on some other state, for the very apparent reason that the rate of exchange is greater and the expenses and cost of collection will be larger between a foreign country and the United States than it would be between two states. Section 197, entitled "Damages on Inland Bills of Exchange," is, despite the title, a classification of foreign bills of exchange for the purpose of fixing damages where the bills are drawn on a person in some state or territory of the United States. The damages in this class of bills are fixed at a less sum than the former class, for the reason that the rates of exchange and the ex-

penses and cost of collection are less between the states than they would be between foreign countries. The mere fact that the compiler of the Code has denominated these sections as "Foreign" and "Inland Bills" in no way makes them such. It is merely an arbitrary title, given by the compiler or editor, which the text of the law does not warrant.

It is a rule of the law merchant and the custom of merchants, which has come to us from England and has been continued in the United States, too well known to require citation of authorities to support it, that in order to charge the maker or drawer of a foreign bill of exchange upon the refusal of payment by the acceptor the bill must be protested, as well as that notice of dishonor must be given to the drawer. The Alaska Code in no way changes this rule, and it must be considered in force in the territory of Alaska, as elsewhere where statutory regulations have not made changes.

The first and fourth counts of plaintiff's complaint in their allegations, I think, comply with the requirements of the law merchant, showing the drawing of the draft, its acceptance, its presentation for payment, and the refusal thereof, the due protest, and the notice of refusal or dishonor to the drawer, besides the other essentials. Under section 197, supra, plaintiff is entitled to make the claim which he has made for interest and damages from the drawer, the defendant corporation. The demurrer to the first and fourth counts is not well taken, and should be overruled.

As to the second and third counts of the complaint, I think the demurrer is well taken. Plaintiff has failed to allege the protest for nonpayment of the draft, which is essential to fix the liability of the drawer. 1 Daniel on Negotiable Inst. 7. The demurrer should be sustained to the second and third counts, despite the allegation in the complaint that notice of the refusal and dishonor was given to the American Gold Mining Company, defendant. It is unquestionably essential,

in fixing the liability of the drawer of the draft, that it should be duly protested at nonpayment, and that the giving of a notice of the refusal is insufficient. And certainly plaintiff could not in those counts claim damages under section 197, even if protest were not necessary to charge the drawer, for the reason that the Code requires, in order to fix liability for damages, that the draft be protested for nonpayment.

Let an order be entered overruling the demurrer as to the first and fourth counts, and sustaining the demurrer as to the second and third counts, in the complaint.