James R. DIEHL, et ux, Appellants,

v.

ROCKY MOUNTAIN COMMUNICATIONS, INC., d/b/a Cable Services, Inc., Appellee.

No. 13–91–050–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 17, 1991.

Ryan E. Stevens, William N. Ambler, Law Offices of Ryan E. Stevens, Corpus Christi, for appellants.

Thomas E. Nye, Brin & Brin, Corpus Christi, for appellee.

Before SEERDEN, KENNEDY and HINOJOSA, JJ.

OPINION

SEERDEN, Justice.

James Diehl appeals from a summary judgment granted against him and in favor of Rocky Mountain Communications

(RMC), in a suit alleging intentional spoliation of evidence. By five points of error, Diehl complains that the court erred in granting the summary judgment because he pleaded a viable cause of action, because the court incorrectly applied the applicable statute of limitations, and because genuine issues of material fact existed which raised questions regarding the intentional destruction of evidence.

On December 9, 1985, while Diehl was employed by RMC, he fell from a ladder on company premises. On December 20, 1985, Diehl hired a lawyer to pursue possible causes of action. On January 20, 1986, RMC was burglarized, and the ladder from which Diehl fell was one of the items stolen. Diehl was informed of this burglary no later than January 30, 1986. On August 30, 1989, Diehl sued RMC for intentional spoliation of evidence, contending that RMC intentionally destroyed the ladder that caused Diehl's injuries and thus precluded any possibility of recovery from the ladder's manufacturer. RMC moved for summary judgment, claiming that Diehl's pleading of intentional spoliation of evidence is not a cognizable cause of action in Texas, that Diehl is barred by the statute of limitations, and that Diehl failed to present any evidence which would raise a fact issue regarding intentional spoliation by RMC.

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Id.* Once the movant has established a right to summary judgment, the burden shifts to the nonmovant to respond and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

At the time of the filing of this lawsuit, Diehl had not sued the manufacturer of the ladder, although he claims that RMC's alleged spoliation prevented him from doing so. Diehl has not alleged that he attempted to file suit against the manufacturer or attempted to discover the manufacturer's identity. Moreover, he did not allege facts that would show that he had a viable cause of action against the ladder manufacturer. Further, Diehl has not shown that his employer, RMC, owed him a duty to preserve evidence against a third party.

Diehl relies on several cases from other jurisdictions which recognize the tort of spoliation, *Fox v. Cohen*, 84 Ill.App.3d 744, 40 Ill.Dec. 477, 406 N.E.2d 178 (1980), and *Bondu v. Gurvich*, 473 So.2d 1307 (Fla. App.—3rd Dist.1984). In both cases, a pending and prior claim existed which tolled the spoliation actions and such spoliation prevented the plaintiff from pursuing independent causes of action. In the instant case, Diehl had no pending or prior claim against the ladder manufacturer, so that any alleged spoliation did not prevent him from pursuing a claim against it.

We do not reach the issue of whether a pending lawsuit against the ladder's manufacturer may have tolled the limitations period or created a spoliation action against RMC. Our decision is limited to the issue of whether, after RMC established its right to summary judgment, appellant sufficiently presented any issues which would preclude a summary judgment on the issue of spoliation. We conclude that he has not. Appellant's points of error are overruled, and the summary judgment is affirmed.