Mary Alice **FOSTER, personal representative of the Estate of Lance Foster, and Wade and Mary Alice Foster, individually, Plaintiffs,**

v.

**LAWRENCE MEMORIAL HOSPITAL, Michael Geist, M.D., and John Doe Defendants (1–3), Defendants.**

No. 91–1151–SAC.

United States District Court, D. Kansas.

Dec. 10, 1992.

832

William J. Pauzauskie, Topeka, KS, for plaintiffs.

Anne L. Baker, Thomas E. Wright, Davis, Wright, Unrein, Hummer & McCallister, Topeka, KS, for Lawrence Memorial Hosp.

William F. High, James D. Griffin, Kristopher A. Keuhn, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for Geist.

## MEMORANDUM AND ORDER

CROW, District Judge.

On May 6, 1989, Lance Foster, a student at the University of Kansas, was injured when a "large coke machine" fell on him at his scholarship hall. Foster was transported to Lawrence Memorial Hospital (LMH) in Lawrence, Kansas. At LMH, Foster received treatment from Dr. Michael Geist. Foster was later "life-flighted" to the Kansas University Medical Center in Kansas City, Kansas. On May 7, 1989, Foster died.

On April 30, 1991, Mary Alice Foster, as representative of the estate of Lance Foster, and Wade and Mary Foster, individually, brought this action against LMH, Michael Geist, M.D. and John Doe Defendants (1–3) for negligence and violation of "the Social Security Act § 1867(a)(b)(1)(A) as amended and/or 42 U.S.C. § 1395, and 42 U.S.C. § 1395dd ..."

On January 9, 1992, this court issued an order denying LMH's Fed.R.Civ.P. 12(b)(6) motion to dismiss the plaintiffs' 42 U.S.C. § 1395dd "COBRA" claim. In that order

the court granted Geist's and LMH's motion to determine the place of trial. This case will be tried in Topeka, Kansas. On March 24, 1992, the plaintiffs filed their first amended complaint.

On September 11, 1992, this court granted in part and denied in part the LMH's motion for summary judgment. In that order, the court granted LMH's motion for summary judgment on the plaintiffs' COBRA claims. The court also granted LMH summary judgment on some, but not all, of the plaintiffs' negligence claims.

This matter comes before the court upon Dr. Michael Geist's motion for partial summary judgment, or in the alternative, motion to strike (Dk. 110). The plaintiffs have responded, filing an objection to Dr. Geist's motion for partial summary judgment or in the alternative motion to strike and/or for sanctions. (Dk. 119). Dr. Geist has filed a reply to the plaintiffs' response and opposes the imposition of sanctions. (Dk. 125). The plaintiffs have filed a response to Dr. Geist's reply. (Dk. 126).

The court, having considered the memorandum of counsel and the applicable law, is now prepared to rule.

## STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the movant can demonstrate that there is no genuine issue of material fact and is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512.

An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. An issue of fact is "material" if

proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249, 106 S.Ct. at 2510. Factual inferences are drawn to favor the existence of triable issues, and where reasonable minds could ultimately reach different conclusions, summary judgment is inappropriate. *See Riley v. Brown & Root, Inc.*, 896 F.2d 474, 476–77 (10th Cir.1990).

If the moving party is able to show "an absence of evidence to support the non-moving party's case" *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554, the burden then shifts to the non-moving party "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. The opposing party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts that show a genuine issue for trial remains. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. The nonmoving party's response must be supported by the kinds of evidentiary materials listed in Rule 56(c). *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Farnsworth v. Town of Pinedale, Wyoming*, 968 F.2d 1054, 1056 (10th Cir.1992). Rule 56 does not require "the moving party to support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553.

## SPOLIATION OF EVIDENCE CLAIM

Many of the facts are uncontroverted. Some facts are, however, disputed. The court has attempted to synthesize all of the relevant facts into one chronology.

On May 6, 1989, Lance Foster was injured when a large coke machine fell on him. Foster was taken to Lawrence Memorial Hospital where he was treated by Dr. Geist. As part of his normal duties, Dr. Geist made entries in Foster's patient record which was kept and maintained by LMH. Later that day, Foster was "life-flighted" to K.U. Medical Center. Foster died the next day.

Several days after treating Foster, Dr. Geist made some personal notes concerning the treatment rendered to Foster. The notes were "minimal—maybe half a legal pad" in length. Dr. Geist maintained these notes in his personal file. These notes were not part of the LMH patient file.

In March 1991, after receiving a letter from plaintiffs' counsel indicating that a lawsuit against Dr. Geist might be filed, Dr. Geist prepared a chronology of his treatment of Foster. Dr. Geist used his personal notes to prepare his chronology. According to an affidavit filed by Dr. Geist, the chronology contained everything in his personal notes and there was nothing in the personal notes that was not part of the chronology. After preparing the chronology, Dr. Geist discarded his personal notes into the trash. Dr. Geist had never before been involved in a lawsuit or the civil discovery process.

On April 30, 1991, the plaintiffs filed their complaint in this case. On April 30, 1991, the plaintiffs sent interrogatories to Dr. Geist and their first request for production. On August 29, 1991, Dr. Geist was deposed. During that deposition, Dr. Geist produced the chronology he had prepared from his personal notes to the plaintiffs' attorney. In response to questions, Dr. Geist explained that he had used his personal notes to construct the chronology and that he had discarded his personal notes after making the chronology.

On October 15, 1991, the plaintiffs submitted their second request for production of documents. On January 2, 1992, the plaintiffs submitted a third request for production. Neither the second or third request for production sought production of Dr. Geist's personal notes which had been discarded into the trash.

On March 23, 1992, the plaintiffs filed their first amended complaint. This complaint added ¶ 20 which alleges:

20. On or about March 8, 1991, defendant Geist, negligently and/or intentionally, maliciously, deliberately and willfully destroyed his contemporaneously handwritten notes concerning the treatment and care of Lance Foster in viola-

tion of his common law and statutory duty as set out in K.A.R. 100–24–1. That defendant has replaced his notes with alleged copies.

This paragraph was not part of the original complaint. The plaintiffs have made this allegation part of the pretrial order.

## ARGUMENTS OF THE PARTIES

The court will attempt to summarize the arguments of the parties. Dr. Geist contends that he is entitled to summary judgment because Kansas has not adopted the tort of intentional spoliation. Dr. Geist contends that only two states, California and Alaska, recognize a cause of action for intentional spoliation of evidence and that Kansas has declined to follow those cases.

Dr. Geist also contends that Kansas does not recognized the tort of negligent spoliation of evidence. Even if Kansas did recognize such a tort, Dr. Geist contends that the plaintiffs have failed to plead the essential elements of such a cause of action. First, Dr. Geist argues that he owed no duty to the plaintiffs to keep his original personal notes. Dr. Geist argues that K.A.R. 100–24–1 does not create a duty for a physician to keep his after-the-fact personal notes to be maintained. Instead, the regulation imposes a duty to maintain Foster's hospital records, which the plaintiffs have received through discovery. Dr. Geist also notes that he did not have any agreement with plaintiffs' counsel to maintain those records. Second, assuming that Dr. Geist owed the plaintiffs some duty, the plaintiffs have failed to allege any injury was proximately cased by the breach of any duty.

In conclusion, Dr. Geist argues that the plaintiffs have merely raised this argument so that the jury will draw an improper inference. Dr. Geist contends that he has supplied an adequate explanation for the destruction of the notes and on that basis the court should grant him summary judgment.

In response, the plaintiffs contend that Kansas has recognized the tort of spoliation of evidence when a special relationship or duty exists between the parties. The

plaintiffs contends that special relationship existed between Dr. Geist and Foster under common law as physician/patient and as evidenced by K.S.A. 60–427 and the physicians code of ethics.

The plaintiffs contend that Dr. Geist's notes were contemporaneous with Foster's treatment and that those notes in part constituted the file or records that Dr. Geist made regarding Foster's treatment. The plaintiffs note that the Board of Healing Arts may rely on patient's files and depositions when determining to revoke a physician's license. The plaintiffs also contend that a conflict exists between Dr. Geist's reconstituted notes which indicate that he ordered a type and cross-match at 9:35 and the hospital records which may indicate that he ordered a type and screen. According to the plaintiffs, this evidence is pivotal in the assessment of fault.

The plaintiffs also contend that Dr. Geist owed a duty to Foster to retain his personal notes to comply with K.A.R. 100–24–1. Given the existence of that legal duty, the plaintiffs contend that it is a question for the trier of fact to decide whether he satisfied that duty.

In short, the plaintiffs contend that viewing the evidence in the light most favorable to their position, a question of fact exists as to Dr. Geist's motives for "condensing" his notes and that the jury should evaluate the facts surrounding his actions.

■ The plaintiffs apparently concede that they have not plead any damages caused by Dr. Geist's destruction of his personal notes. The plaintiffs, citing Supreme Court of Kansas cases, K.S.A. 60–215(a) and Fed.R.Civ.P. 15, indicate that amendments to pleadings are favored and are to be freely given in the furtherance of justice.[1] The plaintiffs note that the final pretrial order, which had not been issued at the time the plaintiffs filed their brief, had not been issued and that the pretrial order leaves the matter of damages open pending the court's decision on this motion. The plaintiffs also contend that it is a question

of fact for the jury to determine whether Dr. Geist's destruction of evidence caused the damage plaintiffs' claim, and if so, to what extent. Specifically, the plaintiffs contend that it is a question of fact as to whether or not Dr. Geist has deprived them of relevant information concerning the diagnosis and evaluation he rendered.

In reply to the plaintiffs' arguments, Dr. Geist contends that he did not owe a duty to maintain his personal notes. Dr. Geist contends that the plaintiffs have latched onto a red herring in arguing that he owed a duty to maintain his personal notes under K.A.R. 100–24–1. Dr. Geist argues that K.A.R. 100–24–1 only requires physicians to "maintain 'an adequate record' with 'minimal requirements.'" Dr. Geist once again argues that the plaintiffs have not suffered a cognizable injury.

The plaintiffs' reply does not address these arguments, but instead focuses on their contention that issues of fact exist as to Dr. Geist's motives in destroying the notes and whether they have suffered any damage as a result of the destruction of those notes. The plaintiffs also contend that until Dr. Geist filed the affidavit attached to his reply brief, Dr. Geist had never made any representation that all of the facts contained in his personal notes are contained.

In the alternative, the plaintiffs seek sanctions under Fed.R.Civ.P. 37. The plaintiffs contend that Dr. Geist should be sanctioned for destruction of the notes, knowing that they were planning to sue. In response, Dr. Geist contends that he should not be sanctioned for destruction of his personal notes. First, Dr. Geist contends that the plaintiffs have never requested the notes throughout discovery. Second, Dr. Geist notes that the motion for sanctions was not filed until he pointed out to the court that the plaintiffs had suffered no prejudice as evidenced by the lack of a document request or motion to compel. Third, Dr. Geist argues that the notes were not destroyed intentionally and that the

---

**1.** The plaintiffs' citation to the State of Kansas procedural rules and case law interpreting those rules is incorrect. In federal court, procedural

matters are governed by federal law, not state procedural law. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

plaintiffs have not been deprived of any information as the chronology they have been provided contains the substance of Dr. Geist's personal notes.

## TORT OF SPOLIATION

■ "Spoliation"[2] is the intentional destruction or alteration of evidence. *See Black's Law Dictionary* 1401 (6th ed. 1990). The tort of spoliation is a relatively new tort and apparently has not been considered by every jurisdiction. *See Koplin v. Rosel Well Perforators, Inc.*, 241 Kan. 206, 208, 734 P.2d 1177 (1987); *Edwards v. Louisville Ladder Co.*, 796 F.Supp. 966, 968 (W.D.La.1992) ("Despite the fact that the origins of the tort for spoliation of evidence trace back to at least 1973 no general consensus has developed as to the basis, essential elements, or even existence of such a tort.") (footnote omitted); *see generally* Thomas G. Fisher, *Intentional Spoliation of Evidence, Interfering with Prospective Civil Action, as Actionable*, 70 A.L.R. 4th 984 (1989); James F. Thompson, Comment, *Spoliation of Evidence: A Troubling New Tort*, 37 U.Kan.L.Rev. 563, 576–577 (1989) (Alaska, California, Florida, Illinois and North Carolina have recognized a civil action for spoliation; Georgia only state to flatly reject the tort). The tort of spoliation may be based upon negligence or upon intent. In a negligence case, the plaintiff asserts that the defendant negligently destroyed the evidence which impaired the plaintiff's right to sue a third party tortfeasor. *Koplin*, 241 Kan. at 208, 734 P.2d 1177. In an intentional tort case, the plaintiff asserts the defendant intentionally destroyed evidence. *Id.*

In those jurisdictions that have set forth the elements of the tort, the common elements of intentional spoliation of evidence are: (1) existence of a potential civil action, (2) defendant's knowledge of a potential civil action, (3) destruction of that evidence, (4) intent, (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and (6) damages. (citation omitted). Negligent spoliation of evidence is similar except that a legal or contractual duty to preserve evidence must exist before liability for the evidence's loss will be imposed.

*Pyles v. Volvo White Truck Corp.*, No. 91–C–6674, 1991 WL 283653, 1991 U.S. Dist. LEXIS 18075 (E.D.Ill. December 27, 1991); *see Continental Ins. Co. v. Herman*, 576 So.2d 313, 315 (Fla.App. 3 Dist.1990) (setting forth elements for negligent destruction of evidence), *rev. denied*, 598 So.2d 76 (Fla.1991).

In *Koplin*, the Supreme Court of Kansas considered the certified question of "[w]hether Kansas would recognize a common law tort action for intentional interference with a prospective civil action by spoliation of evidence?" The allegations of the plaintiff indicated that he had been injured on the job when a T-clamp, manufactured by a third party, had failed due to an alleged defect. The plaintiff alleged that an agent of his employer intentionally destroyed the T-clamp so that the plaintiff would no longer have access to it for purposes of denying the plaintiff access to evidence to be used in an action against the manufacturer and distributors of the T-clamp.

Before reaching the specific certified question pertaining to the intentional tort of spoliation, the court discussed the tort of negligent spoliation. "When negligence is the basis of the suit alleging an economic injury resulting from the destruction of evidence, a duty on behalf of the defendant arising from the relationship between the parties or some other special circumstance must exist in order for the cause of action to survive." 241 Kan. at 208–209, 734 P.2d 1177.

In *Bondu v. Gurvich*, 473 So.2d 1307 (Fla.Dist.App.1984), a hospital failed to preserve certain medical records pertaining to plaintiff. As a result, plaintiff lost a medical malpractice lawsuit against certain physicians because, in the absence of the hospital records, plaintiff was unable to obtain an expert witness. The Florida Court of Appeals, over a strong dissent by Chief Judge Schwartz,

---

**2.** Courts sometimes refer to the tort as "spoilation."

held that because of the hospital's statutory duty to maintain and make available medical records, plaintiff would be allowed to pursue a claim against the hospital for alleged spoliation of evidence. The basis for the decision in *Bondu* was a Florida statute which imposed a duty upon all hospitals to maintain and make available to patients their medical records, and the Court expressly found that it was the hospital's breach of that duty which gave rise to plaintiff's cause of action. Thus, the tort recognized in *Bondu* was based upon a statutory duty, and not upon any independent common-law duty to preserve evidence.

241 Kan. at 209, 734 P.2d 1177.

After considering cases from California and Alaska which had recognized the tort of intentional spoliation of evidence, the Supreme Court of Kansas held:

> We conclude that absent some independent tort, contract, agreement, voluntary assumption of duty, or special relationship of the parties, the new tort of "intentional interference with a prospective civil action by spoliation of evidence" should not be recognized in Kansas.

241 Kan. at 215, 734 P.2d 1177. In distinguishing the cases from California and Alaska, the court noted that those cases involved claims "wherein the defendants or potential defendants in the underlying case destroyed the evidence to their own advantage. Whether we would recognize a cause of action under similar facts is not before this court for determination and we leave that decision for another day." 241 Kan. at 213, 734 P.2d 1177.

This motion for partial summary judgment essentially presents two questions for the court:

1. Would Kansas recognize the tort of intentional spoliation of evidence or the tort of negligent spoliation of evidence?

2. If Kansas would recognize the spoliation of evidence, does this case present a viable spoliation of evidence claim? Specifically, did Dr. Geist owe the plaintiffs a duty to preserve his personal notes, rather than destroy them after "condensing" the substance of the notes? If Dr. Geist owed a duty to the plaintiffs, have they suffered any damages?

Courts that have refused to adopt the tort of spoliation have identified various reasons, including:

> (1) The availability of alternative remedies such as discovery sanctions [3] and negative inferences; [4]
>
> (2) The uncertainty of the existence or extent of damages;
>
> (3) The fact that the evidence was spoliated by a third party who was not a party to the action in which the evidence;
>
> (4) Recognition of the tort interferes with a person's right to dispose of his property as he chooses;
>
> (5) Destruction of the property may be reasonable under the facts of a specific case, i.e., destroying property for safety reasons;
>
> (6) The tort may be inconsistent with the policy favoring final judgments; a plaintiff who loses his primary suit may bring a second suit by trying to establish that some relevant piece of evidence was not preserved.

*Edwards*, 796 F.Supp. at 969–971 (citations omitted).

In addition to these general concerns, it appears to be unsettled whether the underlying suit must be tried and lost before the plaintiff can bring a claim for spoliation. Some courts suggest that plaintiffs should present their spoliation claim at the same time as the underlying claim, while other courts require the plaintiff to try and lose the underlying claim before bringing a spoliation claim. *Compare Smith v. Superior Court*, 151 Cal.App.3d 491, 503, 198 Cal.

---

**3.** *See, e.g., Headley v. Chrysler Motor Corp.*, 141 F.R.D. 362 (D.Mass.1991) (as a result of the plaintiff's intentionally destroying evidence, magistrate judge recommends that plaintiff be precluded from presenting any expert evidence concerning alleged defects in the vehicle that was the subject of the plaintiff's action).

**4.** "Where discovery sanctions are not applicable courts may use evidentiary presumptions or burden shifting to remedy the effects of evidence destruction." *Edwards*, 796 F.Supp. at 971.

Rptr. 829, 837 (1984) (spoliation claim should be heard together with primary claim) *with Kent v. Costruzione Aeronautiche Giovanni Agusta, S.P.A.*, No. 90–2233, 1990 WL 139414, 1990 U.S. Dist. LEXIS 12583 (E.D.Pa. September 20, 1990) ("Not until there is a disposition with respect to the underlying civil action can it be determined whether the destruction of evidence has prejudiced plaintiff."); *Fox v. Cohen*, 84 Ill.App.3d 744, 40 Ill.Dec. 477, 406 N.E.2d 178 (1980) (cause of action for negligent spoliation of evidence is premature until plaintiff actually loses her medical malpractice action due to lost EKG as damages are otherwise "purely speculative and uncertain"); *Federated Mut. v. Litchfield Prec. Comp.*, 456 N.W.2d 434 (Minn. 1990) (resolution of a plaintiff's underlying claim is necessary to demonstrate cognizable injury for purposes of a spoliation action, should such a tort be recognized).

■ Notwithstanding these concerns, this court concludes that the Supreme Court of Kansas would recognize the tort of spoliation under *some circumstances.* While *Koplin* did not recognize the intentional tort of spoliation under the facts of that case, a fair reading of the case indicates that the tort would be adopted under certain factual scenarios.

The next issue is whether this case presents a set of facts in which Kansas would recognize the tort. In resolving this question, the primary issue before the court is whether or not Dr. Geist owed the plaintiffs any duty to maintain his personal notes.[5] "It is fundamental that before there can be any recovery in tort there must be a violation of a duty owed by one party to the person seeking recovery." *Koplin,* 241 Kan at 212, 734 P.2d 1177. "The existence of a legal duty is a question of law to be determined by the court." *McGee v. Chalfant,* 248 Kan. 434, Syl. ¶ 3, 806 P.2d 980 (1991). Whether the duty has been breached is a question of fact. *Honeycutt v. City of Wichita,* 251 Kan. 451, Syl. ¶ 8, 836 P.2d 1128 (1992).

■ On the basis of the record before the court, the court denies Dr. Geist's motion for partial summary judgment. Having concluded that Kansas would recognize the tort of spoliation, the court cannot conclude as a matter of law that the plaintiffs' spoliation claims are without merit. K.A.R. 100–24–1 imposed a duty on Dr. Geist to maintain the records of his treatment of Lance Foster. Whether Dr. Geist breached that duty is a question for the trier of fact.[6] As the plaintiffs suggest, the jury is entitled to consider the facts and circumstances surrounding the destruction of the notes. Therefore, summary adjudication is inappropriate.

■ From the plaintiffs' amended complaint, the pretrial order and memoranda addressing this issue, the court is uncertain of the plaintiffs' damage theory and the extent of damages claimed by the plaintiffs. Although Dr. Geist argues that the plaintiffs' have failed to plead damages, the court will allow the plaintiffs an opportunity to amend their spoliation claim to plead damages.[7] The plaintiffs are grant-

5. In analyzing this issue, the parties have not attempted to distinguish between the different positions occupied by the different plaintiffs. Mary Alice Foster is suing as the personal representative of Lance Foster's estate. Mary and Wade Foster are also suing individually for bereavement, mental anguish, loss of society, companionship, comfort, care, protection, advice counsel, filial care and attention. As this issue is not discussed the court will simply decide the pending motion as follows: If Dr. Geist owed any plaintiff any duty, then Dr. Geist owed the same duty to all plaintiffs.

6. Dr. Geist's affidavit does not entitle him to judgment as a matter of law. While Dr. Geist's actions may have been entirely appropriate, the evaluation of his conduct is one for the jury.

7. Fed.R.Civ.P. 15(a) instructs that "leave shall be freely given when justice so requires...." In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court warned that "this mandate is to be heeded." The decision to grant leave to amend a complaint, after the permissive period is committed to the sound discretion of court. *Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452, 1462 (10th Cir.1991).

In deciding whether to grant the motion to amend the court must consider several factors: These include whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed. Where the party seeking amendment

ed leave to file an amendment to the pretrial order which articulates their theory of damages and the amount of damages claimed.[8] In articulating the theory of their damages, the court expects the plaintiffs to demonstrate how the damages on their spoliation claim are not inseparable from their negligence claims.

## MOTION FOR SANCTIONS

Under the circumstances of this case, the court, at present, denies the plaintiffs' motion for discovery sanctions. Based upon the evidence presented it is impossible for the court to discern whether the imposition of sanctions is appropriate. If the facts presented at trial warrant the imposition of sanctions, the court may entertain a motion to reconsider.

IT IS THEREFORE ORDERED that Dr. Geist's motion for partial summary judgment or, in the alternative, motion to strike (Dk. 110) is denied.

IT IS FURTHER ORDERED that the plaintiffs' motion for discovery sanctions (Dk. 119) is denied.

IT IS FURTHER ORDERED that the plaintiffs are granted until December 30, 1992, to file an amendment to the pretrial order which articulates their theory of damages and the amount of damages claimed pertaining to their spoliation claim.

knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial. *State Distributors, Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir.1984) (citations omitted). "In exercising its discretion, the court must be mindful of the spirit of the Federal Rules of Civil Procedure to encourage decisions on the merits rather than on mere technicalities." *Continental Illinois Natl. Bank & Trust v.*

*Caton,* 136 F.R.D. 682, 693 (D.Kan.1991). "The burden of showing prejudice rests with the party opposing the amendment." *Koch v. Koch Industries,* 127 F.R.D. 206, 210 (D.Kan.1989).

8. By this ruling, the court concludes that it is appropriate to try the underlying claim and the claim for spoliation in a single action. Obviously, any damages claimed by the plaintiffs must be proven at trial and must not merely be speculative or uncertain.