Genaro ORTEGA, individually and as next friend of Linda Ortega, a minor, Appellant,

v.

Jorge H. TREVINO, M.D., individually and d/b/a McAllen Maternity Clinic and Dr. Miguel Aleman, Appellees.

No. 13–94–577–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 30, 1997.

Rehearing Overruled March 13, 1997.

Randall C. Jackson, Jr., Ricky J. Poole, Speiser, Krause, Madole & Mendelson, Jackson, San Antonio, for appellant.

Douglas M. Kennedy, Linda C. Breck, Thomas F. Nye, Brin & Brin, P.C., Corpus Christi, for appellee.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

Genaro Ortega, individually and as next friend of Linda Ortega, a minor, appeals from the dismissal of his lawsuit after the trial court sustained special exceptions filed by the defendant and appellee, Jorge H. Trevino, M.D., Individually and d/b/a McAllen Maternity Clinic. Ortega raises three points of error on appeal arguing for recognition in Texas of an independent tort for spoliation of evidence. We reverse and remand.

When reviewing the dismissal of a lawsuit based on special exceptions, we accept as true all material factual allegations and all factual statements reasonably inferred from the allegations set forth in the plaintiff's petition. *Sorokolit v. Rhodes,* 889 S.W.2d 239, 240 (Tex.1994). Ortega alleged in his petition that Dr. Trevino owned the clinic at which Linda Ortega was born in 1974. Linda was injured in the process of her birth, and Ortega had brought an earlier lawsuit in 1988 against both Dr. Trevino and Dr. Miguel Aleman, the attending physician, for medical malpractice in the care and treatment of Linda and her mother. The present petition alleges that Dr. Trevino was the

custodian of medical records at the clinic, and that he failed to provide Ortega with the medical records pertaining to Linda's birth, which have been intentionally, recklessly, or negligently lost or destroyed. Ortega further alleged that the absence of those records imposes "an insurmountable hardship in the preparation of" his malpractice lawsuit. Ortega contends that Dr. Trevino had a duty to preserve and maintain Linda's medical records, which he should have known would be material to the malpractice claims, and that the absence of those records materially interferes with the malpractice action.[1] Accordingly, Ortega brought the present action for spoliation of evidence, asking for damages in the amount that he would have recovered from the medical malpractice action but for the loss or destruction of the medical records.

Dr. Trevino answered and specially excepted to Ortega's petition for failure to state a cause of action, on the ground that Texas does not recognize an independent cause of action for intentional or negligent spoliation of evidence. The trial court sustained the special exception and dismissed the present lawsuit.

By three points of error, Ortega contends that the trial court erred in sustaining the special exception and dismissing the lawsuit because Ortega pled a cognizable cause of action for intentional or negligent spoliation of evidence, or for common-law negligence in the destruction of evidence.

■ Texas Rule of Civil Procedure 91 requires that a special exception "point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to." *See Gutierrez v. Karl Perry Enterprises, Inc.*, 874 S.W.2d 103, 105 (Tex.App.—El Paso 1994, no writ). When the plaintiff's pleadings are insufficient because they fail to state a cause of action, the defendant may file special exceptions, specifically pointing out the defect or reason that the plaintiff's claim is invalid. If the special exceptions are sustained, the plaintiff must then be given an opportunity to amend his

pleadings before the case may be dismissed for failure to state a cause of action. *See Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 9–10 (Tex.1974); *Lara v. Lile*, 828 S.W.2d 536, 541 (Tex.App.—Corpus Christi 1992, writ denied); *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex.App.—Corpus Christi 1990, no writ). A special exception will withstand judicial scrutiny if it is specific enough to notify the opposing party of the pleading defect. Conversely, if the exception is the equivalent of a general demurrer, Rule 91 has not been satisfied. *Fuentes v. McFadden*, 825 S.W.2d 772, 778 (Tex.App.—El Paso 1992, no writ); *Spillman v. Simkins*, 757 S.W.2d 166, 168 (Tex.App.—San Antonio 1988, no writ).

In the present case, Dr. Trevino specially excepted solely on the basis that Texas does not recognize a cause of action for intentional or negligent spoliation of the evidence. He did not challenge Ortega's petition for vagueness or ask for clarification of the spoliation allegations. Accordingly, the only question before this Court is whether, under any circumstances, Texas will recognize an independent cause of action for spoliation of evidence.

## TRADITIONAL APPROACHES TO SPOLIATION

Broadly defined, the spoliation tort consists of an intentional or negligent interference with a prospective civil action by destruction of evidence. *See* Nolte, *The Spoliation Tort: An Approach to Underlying Principles*, 26 St. Mary's L.J. 351, 360 (1995); W. Page Keeton, et al., Prosser and Keeton on the Law of Torts § 130, at 140–41 (5th ed. Supp.1988).

Texas courts have a number of tools available to discourage spoliation and to encourage parties to maintain discoverable evidence, including pretrial sanctions for abuse of discovery under Texas Rule of Civil Procedure 215, and a jury instruction to infer that destroyed evidence is presumed to have fa-

---

1. Although the present record does not indicate the status of the prior malpractice lawsuit, we take judicial notice that it is still pending in the trial court.

vored the opposing party.[2] *See Watson v. Brazos Elec. Power Co-op., Inc.,* 918 S.W.2d 639, 643 (Tex.App.—Waco 1996, no writ); *Brewer v. Dowling,* 862 S.W.2d 156, 159 (Tex. App.—Fort Worth 1993, writ denied); *H.E. Butt Grocery Co. v. Bruner,* 530 S.W.2d 340, 343 (Tex.Civ.App.—Waco 1975, writ dism'd) (failure to produce evidence within party's control raises presumption that if produced it would operate against him); *see also* Doggett and Mucchetti, *Public Access to Public Courts: Discouraging Secrecy in the Public Interest,* 69 Tex. L. Rev. 643, 665–66 (1991). The spoliation inference and court sanctions serve as the traditional procedural remedies to combat spoliation of evidence in civil litigation. Nolte, *supra,* at 353. In addition, the Texas Penal Code classifies the destruction of evidence in connection with an investigation or official proceeding as a criminal offense. Tex. Penal Code Ann. § 37.09(a)(1) (Vernon 1994).

However, these traditional remedies may not always be sufficient either to deter the spoliator or to compensate the party wronged by the spoliation of evidence. As one commentator has suggested:

> Because of the difficulty in uncovering a clandestine spoliation act, a strong incentive still exists to choose spoliation over the procedural and substantive consequences of disclosing sensitive or potentially incriminating information. Although willfully spoliated evidence is generally presumed detrimental to the spoliator's case, producing the incriminating "smoking gun" at trial may increase the spoliator's risk of an adverse verdict. Indeed, if the spoliator destroys the incriminating evidence and is subsequently detected, traditional procedural remedies could lead to the same result. Furthermore, traditional procedural remedies inadequately deter third-party spoliators.... In effect, traditional procedural and nonprocedural remedies are flawed by their limited scope, their inadequate preventive effect, and

their failure to provide the victim with just compensation.

Nolte, *supra,* at 354–55.

We agree that the spoliation presumption may not always serve as a sufficient deterrent, especially in situations involving multiple defendants or a third-party spoliator. Even with the presumption, when there is some divergence of parties between the defendants in the original action and the spoliators, an independent tort may be necessary to assign responsibility to the spoliators for the damages caused by their destruction of the plaintiff's opportunity to prevail in a civil action. *See Smith v. Superior Court,* 151 Cal.App.3d 491, 198 Cal.Rptr. 829 (1984); Nolte, *supra,* at 361; *Velasco v. Commercial Bldg. Maintenance Co.,* 169 Cal.App.3d 874, 215 Cal.Rptr. 504 (1985); *Continental Ins. Co. v. Herman,* 576 So.2d 313, 315 (Fla.Dist. Ct.App.1991); Nolte, *supra,* 351, et seq.

## THE SPOLIATION TORT IN OTHER STATES

The landmark case recognizing the tort of intentional spoliation of evidence is *Smith v. Superior Court,* 151 Cal.App.3d 491, 198 Cal. Rptr. 829 (1984). The *Smith* court analogized spoliation to the tort of intentional interference with prospective business advantage by comparing the opportunity to win a lawsuit with a "reasonable probability that a contract or profit would have been obtained," concluding that the potential lawsuit is a valuable probable expectancy justifying legal protection from interference. *Id.* 198 Cal. Rptr. at 836–37; *see also* Nolte, *supra,* at 357. Spoliating conduct thus amounts to an injury to a property interest that warrants legal protection. *See* Nolte, *supra;* at 355. Other jurisdictions which have followed California in recognizing some form of intentional or negligent spoliation of evidence as an independent tort include Florida,[3] Alaska,[4] Kan-

---

**2.** This presumption follows the common-law maxim, *Omnia praesumuntur contra spoliatorem.* *See* Black's Law Dictionary 980 (5th ed. 1979) ("All things are presumed against a despoiler or wrongdoer.").

**3.** *Continental Ins. Co. v. Herman,* 576 So.2d 313, 315 (Fla.Dist.Ct.App.1991); *Bondu v. Gurvich,* 473 So.2d 1307 (Fla.Dist.Ct.App.1985).

**4.** *Hazen v. Municipality of Anchorage,* 718 P.2d 456 (Alaska 1986).

sas,[5] New Jersey,[6] Illinois,[7] and Ohio.[8]

However, recognition of the tort raises at least two significant problems. Initially, it involves the recognition of a duty on the part of the owner or custodian of the evidence to preserve it for the use of the plaintiff, which would outweigh the owner or custodian's general right to use, modify, or destroy his own property as he chooses. Some courts have understandably been reluctant to find such a duty in the absence of some recognized relationship between the parties or some statutory mandate that the evidence or records in question be maintained for, and accessible to, the plaintiff. *See Koplin v. Rosel Well Perforators, Inc.*, 241 Kan. 206, 734 P.2d 1177, 1181–82 (1987).

In addition, as the *Smith* court recognized when it first established the tort, the most troubling aspect in allowing a cause of action for spoliation of evidence is the requisite tort element of damages. *Smith*, 198 Cal.Rptr. at 835. As in a legal malpractice claim arising from prior litigation, the plaintiff in a spoliation claim also has to show that, absent the tortious conduct, he would have been entitled to judgment in the underlying action and the amount he would have recovered under that judgment. *Cf. Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex.1989); *Burnap v. Linnartz*, 914 S.W.2d 142, 152 (Tex.App.—San Antonio 1995, writ denied) (legal malpractice damages). Moreover, the problem of proving damages for spoliation is that the critical element in establishing those damages—the lost or destroyed evidence—is unavailable to show how valuable it would have been to the plaintiff in the underlying claim.

Nevertheless, *Smith* relied upon the reasoning of the United States Supreme Court concerning damages which cannot be shown with certainty:

> To deny the injured party the right to recover any actual damages in such cases, because they are of a nature which cannot be thus certainly measured, would be to enable parties to profit by, and speculate upon, their own wrongs, encourage violence and invite depredation.

*Smith*, 198 Cal.Rptr. at 836 (quoting *Story Parchment Co. v. Paterson P. Paper Co.*, 282 U.S. 555, 564, 51 S.Ct. 248, 251, 75 L.Ed. 544 (1931)). Accordingly, *Smith* adopted for intentional spoliation cases the relaxed proof requirement set forth in *Story Parchment*:

> Where the tort itself is of such a nature as to preclude the ascertainment of the amount of damages with certainty, it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts. In such case, while the damages may not be determined by mere speculation or guess, it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate.

*Smith*, 198 Cal.Rptr. at 835 (quoting *Story Parchment Co.*, 282 U.S. at 563, 51 S.Ct. at 250–51). Relaxing the standard of proof from reasonable certainty to a just and reasonable inference regarding the amount of damages is consistent with the elementary tenets of justice and public policy that would require the spoliator to bear the risk of the uncertainty of the ensuing wrong. *See* Nolte, *supra*, at 394–97 (1995).

## THE SPOLIATION TORT IN TEXAS

There are no Texas cases allowing recovery for the separate tort of spoliation of evidence. Appellee contends that *Brewer v. Dowling*, 862 S.W.2d 156 (Tex.App.-Fort Worth 1993, writ denied), is authority for the proposition that the tort is not recognized in Texas. *Brewer* involved the loss of medical evidence, a fetal monitor strip. However, in *Brewer*, the appellate court concluded that, since there was no showing that the missing evidence had been destroyed or "spoliated," there was no justification for an instruction regarding the spoliation presumption. *Id.* at

5. *Foster v. Lawrence Memorial Hosp.*, 809 F.Supp. 831 (D.Kan.1992); *Koplin v. Rosel Well Perforators, Inc.*, 241 Kan. 206, 734 P.2d 1177 (1987).

6. *Hirsch v. General Motors Corp.*, 266 N.J.Super. 222, 628 A.2d 1108 (Ct.App.Div.1993); *Viviano v. CBS, Inc.*, 251 N.J.Super. 113, 597 A.2d 543 (Ct.App.Div.1991).

7. *Rodgers v. St. Mary's Hosp.*, 149 Ill.2d 302, 173 Ill.Dec. 642, 597 N.E.2d 616 (1992).

8. *Smith v. Howard Johnson Co.*, 67 Ohio St.3d 28, 615 N.E.2d 1037 (1993).

160.   In discussing that presumption in a footnote, *Brewer* also mentioned that some states have recognized an independent cause of action for spoliation, but noted that "Texas does not recognize spoliation of evidence as an independent tort." *Id.* at 160 n. 5. However, the existence of an independent tort was not before the *Brewer* court, and the most that can be said of this footnote is that it acknowledged the fact that Texas courts at that time had not had the occasion to decide whether or not an independent cause of action should be adopted in Texas.   The *Brewer* court never denied that the tort would be recognized in Texas under appropriate circumstances.

This court, in *Diehl v. Rocky Mountain Communications, Inc.*, 818 S.W.2d 183 (Tex. App.—Corpus Christi 1991, writ denied), also discussed spoliation as an independent tort recognized by other states, but in the absence of a pending or prior claim against the originally liable party, we concluded that any spoliation claim would be inappropriate and declined to speculate whether Texas should recognize the tort.   *Id.* at 184.

One Texas commentator specifically proposed the adoption of such a tort in Texas some eight years ago, on the ground generally that an independent action for spoliation is a better means for achieving the desired goals of compensating injured parties and deterring future destruction of evidence. *See* Comment, *Interference With Prospective Civil Litigation By Spoliation of Evidence: Should Texas Adopt a New Tort?*, 21 St. Mary's Law Journal 209, 220 (1989); *see also* Doggett and Mucchetti, *supra,* at 667 (intentional spoliation tort could easily be fashioned from the elements of Texas version of the tort of intentional interference with a prospective business advantage).

Moreover, with regard to the underlying concepts of law which might support the adoption of such a tort, Texas law recognizes that a claim for money damages in a civil lawsuit is an interest in property belonging to the plaintiff.  *Villegas v. Pate,* 913 S.W.2d 752, 756 (Tex.App.—Corpus Christi 1996,

orig. proceeding);  *see also Buck v. Rogers,* 709 S.W.2d 283 (Tex.App.—Corpus Christi 1986, no writ).   By destroying the plaintiff's ability to prove his claim, the spoliator has destroyed a property interest which Texas law would otherwise protect and recognize as a valuable asset belonging to the plaintiff.

In addition, like California's tort of interference with prospective business advantage, Texas law protects prospective, as well as existing, contracts from interference. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 689 (Tex.1989).   Both states recognize and protect expectancies of this nature from interference.   Accordingly, we see no reason why Texas should not protect the plaintiff's property right in a prospective civil claim in a similar fashion by adopting the independent tort for spoliation of evidence in an appropriate factual situation.

While the appellant's petition in this case may be broad, vague, and somewhat ambiguous, and while it might be subject to numerous special exceptions, we hold that appellee's special exception that Texas does not recognize the tort of intentional or negligent spoliation of evidence is overly broad and it was error to dismiss appellant's lawsuit based solely on this ground.

Accordingly, we conclude that the trial court erred in sustaining Dr. Trevino's special exceptions and dismissing the present lawsuit.   We sustain Ortega's points of error.

The judgment of the trial court is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.