## MALACHI EGAN *vs.* ALBERT BOWKER & others.

If the plaintiff in an action to recover for building a road has introduced evidence to show that he was to receive as part of his compensation an assignment of a claim of the defendant for damages for land taken by a railroad company, and, for the purpose of proving the value of such claim, has proved that the defendant conveyed away by deed, for a large sum in gross, certain lands and his said claim for damages, the defendant may introduce evidence in reply to show that the claim for damages was valueless, and that nothing was paid or agreed to be paid therefor.

Evidence is competent to prove that the adverse party in an action has suborned a witness to swear falsely in a deposition taken in relation to the case, although the deposition is not put in evidence by either party at the trial.

CONTRACT brought against several persons described in the writ as partners under the firm of the Hyde Park Land Company, to recover for building a road from River Street in Dorchester over land of the defendants to the Boston & New York Central Railroad.

At the trial in the superior court, before *Rockwell*, J., the plaintiff introduced evidence tending to show that the defendants agreed that as part of his compensation for building the road he should have their claim against the railroad company for damages for land taken by the company for their railroad; and, for the purpose of proving that this claim was valuable, and

38 *

had been sold and conveyed away by the defendants in viola-tion of their agreement with him, offered in evidence the follow-ing paper written by the register of deeds for the county of Norfolk : " Norfolk Records, Lib. 261, fol. 177, July 1, 1857. Ossian D. Ashley, Henry Lyman and William P. Barnard, trustees of the association called the Hyde Park Land Com-pany, convey to the trustees of the Real Estate and Building Company certain lands in Dorchester, con. $25,275. Also all claims against Boston and N. Y. Cent. R. R., on account of the location of their road over a part of the premises." This paper was admitted without objection. The defendants then proposed to show that the claim for damages was worthless, and that nothing was paid or agreed to be paid therefor ; but the judge excluded the evidence, on the ground that the deed itself ought to be produced by the defendants, and that it was the best and only evidence which was admissible.

It appeared in evidence that the plaintiff had caused a depo-sition signed " Mary Kelly " to be taken in the case, before one Isaacson, a notary in Montreal, Canada East, which was on file, but was not read to the jury by either party. The deposition of Isaacson was subsequently taken by the defendants, in which he testified that the deposition signed " Mary Kelly " was given by a girl whose name he had since ascertained to be Elizabeth Ferguson ; that before taking it he saw and had communication with the plaintiff, who brought the girl and another witness to his office to make affidavits, and that the plaintiff then called him-self John Conroy. The deposition of Elizabeth Ferguson was also taken by the defendants, in which she testified that she had given a former deposition in this case at the request of the plaintiff, that she was induced to give it when under the in-fluence of liquor given to her by him, and under a promise of pecuniary reward from him, and that the whole of it was false but this evidence was excluded.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. D. Ball*, for the defendants.

*J. Nickerson*, for the plaintiff.

BIGELOW, C. J. Two of the rulings made at the trial were erroneous.

1. The plaintiff, as part of his case, and for the purpose of proving the extent of his damages by the breach of the contract declared on, offered evidence to show that he was to receive, as part of his compensation for performing the work for the defendants under the alleged contract, an assignment of their claim against the Boston & New York Central Railroad Company for damages for locating their railroad across the land of the defendants. To prove the value of this claim and the loss he had sustained by reason of the omission of the defendants to assign it to him, he offered a paper purporting to be written by the register of deeds for the county of Norfolk, stating the substance of an assignment and conveyance made of said claim and other property to the trustees of an association, in consideration of the sum of $25,275. To rebut the inference which might be drawn from this evidence as to the value of such claims, the defendants offered to prove that it was in fact worthless, and that nothing was paid or agreed to be paid therefor by the association to which it was assigned. This evidence was relevant and material. It tended directly to rebut the evidence which had been offered by the plaintiff. Nor was it objectionable on the ground that it was in its nature secondary, which is the reason assigned in the exceptions for its rejection. The purpose of it was only to show that no part of the consideration named in the certificate as paid to the defendants was given for the assignment of the claim for land damages. To prove this, parol evidence was competent. The consideration stated in a deed is only *prima facie* evidence. The real sum paid may be proved by any evidence, either oral or written; the rule excluding parol evidence to vary or control a written document not being applicable to the statement of the consideration in a deed or other instrument. *Wilkinson* v. *Scott*, 17 Mass. 249. *Gale* v *Coburn*, 18 Pick. 397. *Miller* v. *Goodwin*, 8 Gray, 542.

2. The evidence offered for the purpose of showing that the plaintiff had suborned a witness to testify falsely in support of his claim against the defendants, and, in connection therewith,

that in procuring such false testimony he had acted under an assumed name, was clearly competent and ought to have been admitted. These facts were in the nature of admissions implied from the conduct of the party that his claim against the defendants was false and unjust. The inference is a reasonable and proper one, that a person having an honest and fair debt which he claims to be due will not endeavor to support it by falsehood and fraud; and the fact that he resorts to such means of proof has a tendency to show that he knows he cannot maintain his suit by evidence derived from pure and incorrupt sources. Truth does not ally itself with falsehood, but falsehood will often endeavor to make it appear that truth is on its side. When therefore it is shown that a party to a suit has sought to suborn witnesses to swear falsely in his behalf, and has been guilty in his own person of fraud and deceit in the maintenance of his action, such evidence is competent, as an admission of the falsity or fraudulent nature of the claim. 1 Greenl. Ev. § 196. *Morgan* v. *Frees*, 15 Barb. 352. On the same ground it is held that the suppression of documents in a party's possession or control is an admission that their contents are unfavorable to the party suppressing them, and will not sustain his case. *James* v. *Biou*, 2 Sim. & Stu. 600, 606. *Owen* v. *Flack*, Ib. 606. On these grounds, we are of opinion that the defendants are entitled to a new trial.  *Exceptions sustained*