Anthony J. McHugh v. Bridget McHugh, Executrix of the Estate of Richard McHugh, deceased, Appellant.

| 186 | 197 |
|---|---|
| 19 SC | 529 |
| 186 | 197 |
| 23 SC | ²502 |
| 186 | 197 |
| 213 | ²636 |
| 186 | 197 |
| 215 | 496 |

*Evidence—Tampering with witnesses—Corruption of jurors.*

A party to a cause may show that at a previous trial the adverse party attempted to induce witnesses to swear falsely, and also attempted to corrupt jurors; and it is immaterial that the party so misconducting himself was acting in the case as an executor or in some representative capacity.

Evidence of the misconduct of a party in connection with the trial of a case is admissible as tending to show that the party guilty of the misconduct is unwilling to rely on the truth of his cause, or is conscious that it is an unjust one.

Argued Feb. 24, 1898. Appeal, No. 54, Jan. T., 1897, by defendant, from judgment of C. P. Lackawanna Co., March T., 1895, No. 581, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias to revive judgment. Before GUNSTER, J.

At the trial the following offers of evidence were made:

By Mr. Kelley: Counsel for the plaintiff offer in evidence continuance docket No. 56, page 314, John J. Ward, assigned to John T. Fitzpatrick, v. Richard McHugh, No. 756, April term, 1891; being judgment on an exemplification of the rec-

ord of judgment No. 711, November term, 1877, from the common pleas of Luzerne county, filed March 28, 1891, debt $804.50, with interest from October 19, 1877, showing that on March 4, 1895, suggestion of the death of Richard McHugh, and of Bridget McHugh as the executrix of his estate was filed; also showing an appearance generally for Bridget McHugh, executrix; also showing certain assignments filed, the last one whereof assigns the judgment to Anthony J. McHugh, the plaintiff in the case, and showing that a scire facias q. ex non, issued on March 4, 1895, No. 581, March term, 1895.

By Mr. Warren: Counsel for the defendant object to the offer as immaterial and incompetent; the purpose of it is plainly to show that judgment was entered upon an exemplification against Richard McHugh in his lifetime. And while there is evidence of the suggestion of the death of the defendant, there is no proper or legal substitution of the representatives of the deceased, and there is no scire facias appearing to bring upon the record the proper representatives of the decedent. And it is not proposed, apparently from the statement of the counsel in making the offer, to show that at any time any scire facias ever went out for the purpose of bringing into the record the decedent or his legal representatives. The assignment upon the record cannot be shown by the note thereof, made upon the continuance docket, so to that extent the offer certainly is incompetent for the purpose of showing title in the plaintiff in this case to this judgment. Counsel for plaintiff stating that they intend to follow this by a scire facias to revive and continue the lien of this judgment, we submit that there is no valid judgment here upon which a scire facias to revive and continue the lien of the judgment could properly go out. The fact that there is an appearance by Mr. Bertholf for the executrix, written by somebody on the margin of the docket, is not sufficient to waive the essentials in a matter of proceedings of this kind, which do not appear upon this record.

By the Court: The objections are overruled, the evidence admitted, exception noted for defendant, at whose request a bill is sealed. [1]

By Mr. Kelly: Counsel for the plaintiff propose to prove by Walter Gorman, the witness on the stand, that a short time previous to the last trial of this case, which took place in

April, 1897, Bridget McHugh, the defendant executrix, called upon the witness and asked him what he knew about the case now on trial. Witness answered that he knew nothing about it. She said: "I am going to subpœna you as a witness." He said: "You hadn't better, because I can do you no good," or words to that effect. She said: "If you will come up and swear in my favor I will see that your son John gets the plumbing in the new brewery." The purpose of the offer is to show an effort upon the part of Bridget McHugh, the defendant executrix, to fabricate testimony in this case.

By Mr. Warren: Counsel for the defendant object to the offer as incompetent, immaterial and improper, and an effort upon the part of the plaintiff to unduly prejudice defendant's case.

By the Court: The objections are overruled, the evidence admitted, exception noted for defendant, at whose request a bill is sealed. [5]

By Mr. Kelly: Counsel for the plaintiff propose to prove by Martin Ferguson, the witness on the stand, that at the time of the last trial and some time previous thereto and sometime subsequent thereto, he was employed by Michael Hand, the husband of the defendant executrix; that before the last trial he drove the horses and carriage of Michael Hand and Mrs. Hand, his wife; that he drove the defendant executrix from place to place to see witnesses in this case; that he heard the defendant executrix, a short time previous to the last trial, state to one Philip Foy, a witness for the defense in the last trial, that if he (Foy) would help her out in the case she would get him a job in the brewery; that said Foy was a witness in the case, and was employed in the brewery of Michael Hand, or the brewery with which Michael Hand was connected some time thereafter. And further, after the trial of the case the defendant executrix said to the witness on the stand about as follows: "I will give you plenty of money; you are well acquainted all over the county and you can get a paper and see the names of the jurymen and you can go around and fix them up; four or five hundred dollars would fix any jury;" for the same purpose as the previous offer.

By Mr. Warren: Counsel for the defendant object to the offer as incompetent, irrelevant, immaterial, improper and an

effort to unduly prejudice defendant's case and the estate of the decedent; any declarations of the defendant executrix of this kind are not evidence in this case.

By the Court: The objections are overruled, the evidence admitted, exception noted for defendant, at whose request a bill is sealed. [6]

By Mr. Kelly: Counsel for the plaintiff propose to prove by Richard Flinn, the witness on the stand, that a year ago he had a conversation with Mrs. Hand; that she said to him substantially as follows: " Richard, they are trying to rob me about the notes Richard gave Mary. Now, Richard, you heard Richard say to Mary ' you know I don't owe you anything, Mary ' and Mary said to Richard ' I know it, but I will keep the notes.' " That she said to the witness: " Now, Richard, try and remember that and you will lose nothing by it," or words to that effect.

By Mr. Warren: Counsel for the defendant object to the offer as immaterial, incompetent, irrelevant, not rebuttal, and an offer to unduly and improperly prejudice the rights of the decedent, Richard McHugh, and it being admitted by the counsel for the plaintiff that Richard Flinn testified in this case, at the former trial, for the plaintiff, and was not called by the defendant, and it being offered to show that this conversation occurred prior to that trial, the evidence is immaterial.

By the Court: The objection is overruled, the evidence admitted, exception noted for defendant, at whose request a bill is sealed. [7]

*Errors assigned* among others ( were 1, 5–7 ) rulings on evidence, quoting the bill of exceptions.

*Everett Warren*, of *Willard, Warren & Knapp*, and *John F. Scragg*, with them *F. J. Fitzsimmons*, for appellant.—The rule which should have excluded the three offers of testimony, and the testimony admitted under said offers by the court, is stated by Mr. Greenleaf in volume 1 of Lewis's Edition of Greenleaf on Evidence as follows : " Exclusion of collateral facts." This rule excludes all evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute, and the reason is

that such evidence tends to draw away the minds of the jurors from the point in issue, to excite prejudice, and to mislead them ; and, moreover, the adverse party, having had no notice of such a course of evidence, is not prepared to rebut it.

*John P. Kelly*, of *O'Brien & Kelly*, with him *John R. Edwards*, for appellee.—The evidence admitted was proper, as it tended to prove the injustice of the cause of the person who resorted to it in making out a case, or establishing a defense: Rice on Criminal Evidence, 29 ; Winchell v. Edwards, 57 Ill. 44 ; Heslop v. Heslop, 82 Pa. 537 ; Chicago City Ry. v. McMahon, 103 Ill. 485.

OPINION BY MR. JUSTICE FELL, May 16, 1898 :

Three of the specifications of error relate to the admission of testimony to show that the defendant, before a former trial of the same issue, had attempted to procure false testimony and corruptly to influence the jurors. The action was to revive a judgment obtained against the defendant's deceased husband, of whose will she was the executrix. The defense was accord and satisfaction. In rebuttal the plaintiff offered to prove by two witnesses that, before the first trial, the defendant had attempted to induce them to appear as witnesses for her and to testify falsely ; and to prove by a third witness that the defendant had attempted to induce him to corrupt the jurors. These offers were sustained, and the witnesses were allowed to testify. The defendant had not testified at either trial.

The spoliation of papers and the destruction or withholding of evidence which a party ought to produce gives rise to a presumption unfavorable to him, as his conduct may properly be attributed to his supposed knowledge that the truth would operate against him. This principle has been applied in a great variety of cases, and it is now so well established that it is unnecessary to do more than state it. A somewhat extreme illustration of its application is found in Brown v. Schock, 77 Pa. 471, where the failure of a party to an action to appear at the trial, when he had a strong motive to appear, was said to be evidence against him. Those who have had experience in the trial of causes will assent to the statement of THOMPSON, C. J., in the opinion in Frick v. Barbour, 64 Pa. 120 : "The testimony

of a case often consists in what is not proved as well as in what is proved."

A like presumption arises where in connection with the trial testimony has been fabricated or witnesses suborned or a jury corruptly influenced, or where an attempt has been made to do any of these things. The conduct of the party may then be attributed to his knowledge that his cause was an unjust one. This rule is suggested in 1 Taylor on Evidence, sec. 116, and in 1 Greenleaf on Evidence (15th ed.), sec. 37 and sec. 196, and thus stated in 2 Wharton on Evidence (3d ed.), sec. 1265: " . . . . proof of the forgery of false testimony is admissible against the party by whom the fabrication is made. The same presumption is drawn . . . . against all forms of attempted suppression of or tampering with evidence or subornation of witnesses." And in Best on Evidence, sec. 411: " . . . . if it be shown that a plaintiff has been suborning false testimony, and has endeavored to have recourse to perjury, it is strong evidence that he knew perfectly well that his cause was an unrighteous one." .

It is surprising that there are so few cases upon the subject, but there are some very high authorities upon the exact point raised. Moriarty v. L. C. & D. Railway Co., L. R. 5 Q. B. Cases, 314, was an action by a husband and wife against a railroad company for personal injuries to the wife caused by negligence. Evidence was admitted that the husband, who was not a witness, had offered to share with witnesses the compensation in the event of a recovery of damages. A rule for a new trial was made absolute on the ground of surprise, but it was held that the testimony was properly admitted. It was said by COCKBURN, C. J.: "I think this rule ought to be discharged so far as the ground taken that the evidence was improperly admitted. The conduct of a party to a cause may be of the highest importance in determining whether the cause of action in which he is plaintiff, or the ground of defense, if he is defendant, is honest and just; just as it is evidence against a prisoner that he has said one thing at one time and another at another, as showing that the recourse to falsehood leads fairly to an inference of guilt. Anything from which such an inference can be drawn is cogent and important evidence with a view to the issue. So, if you can show that a plaintiff has been suborning

false testimony, and has endeavored to have recourse to per-
jury, it is strong evidence that he knew perfectly well his cause
was an unrighteous one." In Egan v. Bowker, 87 Mass. 449,
it was held that it was competent to prove that a party to an
action had suborned a witness to swear falsely in a deposition
taken in relation to the case, although the deposition had not
been put in evidence by either party at the trial. The decision
rests on the ground that a party would not support a fair claim
by falsehood, and that when he has been guilty of fraud in the
maintenance of the action, proof of the fraud is competent as
an admission of the fraudulent nature of the claim. This case
was approved in Hastings v. Stetson, 130 Mass. 76, in which
testimony was admitted to show that the adverse party had
attempted to bribe a juror at a former trial of the cause. In
Chicago City Ry. Co. v. McMahon, 103 Ill. 485, an action
for injuries resulting from negligence, a witness in the case was
allowed to testify that he had been offered money by a clerk in
the employ of the corporation defendant not to appear, or to
influence his testimony. In Snell v. Bray, 56 Wis. 156, letters
written by a party to third persons, warning them not to aid the
other party by testifying or otherwise, and urging them to tes-
tify to a particular state of facts, were admitted, and it was said
to be immaterial that they had been written before the action
was commenced, if written after the controversy had arisen.
To the same effect is the case of Winchell v. Edwards, 57 Ill.
41. In Heslop v. Heslop, 82 Pa. 537, it was held not to be
error to receive testimony to show the participation of the de-
fendant in an attempt to corrupt the plaintiff's witnesses; but
it was said that the presumption arising from the misconduct of
the party would not justify the jury in utterly disregarding the
testimony which he had produced in support of this defense,
although it should admonish them carefully to scrutinize it.

In some of these cases the reason given for the admission of
the testimony is that it is an admission by conduct, and in
others that it gives rise to a presumption, but the decisions all
rest on the ground that evidence of the misconduct of a party
in connection with the trial is admissible as tending to show
that the party guilty of the misconduct is unwilling to rely on
the truth of his cause, or is conscious that it is an unjust one.
The effect of such testimony may be to impeach witnesses by

proof of misconduct with which they have had no connection, but the testimony of a witness is never exempt from scrutiny. The cause may be discredited while the witness is not, for an entirely honest piece of testimony may be part of a dishonest claim or defense.

It did not help the defendant's position in objection to the testimony that she was defending as executrix, and acting in a representative capacity. As a beneficiary under her husband's will she was in fact largely interested in the result of the litigation. But the effect of her conduct was the same whether she was acting for herself or for another. The same ground of objection to the admission of testimony to show an attempt to corrupt witnesses was taken in Moriarty v. L. C. & D. Ry. Co., supra, and it was said by LUSH, J.: "I also think no distinction can be made with reference to the character of the party suing; whether it is a representative character, or he is suing to enforce some right of his own. Either way the inference which the evidence tends to raise is the same, that the case is not a true one, and on that ground the evidence is receivable."

There is nothing in the other assignments which need be considered. If there was any defect in the manner in which the defendant was brought upon the record, her voluntary appearance cured it.

The judgment is affirmed.